IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HPROF, LLC,

    Plaintiff,                        No. 2:12-cv-2757 MCE DAD PS

    vs.

MICHAEL TAYLOR,                FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

By Notice of Removal filed November 8, 2012, this unlawful detainer action was removed from the San Joaquin County Superior Court by defendant Michael Taylor, who has requested leave to proceed in forma pauperis and who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d

564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendant has alleged in a conclusory fashion that this "action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331" and therefore "may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) . . ." (Notice of Removal (Doc. No. 1) at 2.) It is evident however from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and that it is based wholly on California law. "An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). See also People of the State of California v. Sandoval, 992 F.2d 635, 636 (9th Cir. 1971) (district court properly summarily remanded action to state court where defendants failed to identify any state law supporting the inference that rights they possessed would not be protected in state court). Moreover, removal on the basis of diversity jurisdiction is not available to defendants that are citizens of the state in which the state action was brought. 28 U.S.C. § 1441(b). Thus, defendant has failed to meet his burden of establishing a basis for federal jurisdiction over this action.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court and that this case be closed.

/////

1   These findings and recommendations will be submitted to the United States
2   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
3   fourteen days after being served with these findings and recommendations, any party may file
4   written objections with the court and serve a copy on all parties. A document presenting
5   objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
6   Any reply to objections shall be filed and served within seven days after service of the objections.
7   The parties are advised that failure to file objections within the specified time may waive the
8   right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: November 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hprof2757.f&r.remand.ud